Chad R. Fears, Esq. (SBN 6970)
Alexandria L. Layton, Esq. (SBN 14228)
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: cfears@efstriallaw.com
Email: alayton@efstriallaw.com

*Attorneys for Defendant*
*Carriage Cemetery Services, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE STATE OF NEVADA

| | |
|---|---|
| RHONDA COLLINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CARRIAGE CEMETERY SERVICES, INC., doing business as BUNKER'S MEMORY GARDENS MEMORIAL PARK, DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>**JURY DEMANDED** |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Carriage Cemetery Services, Inc. dba Bunker's Memory Gardens Memorial Park ("Carriage")[1], gives notice of removal of this action, *Rhonda Collins v. Carriage Cemetery Services, Inc., et al*, Case No. A-22-847341-C, from the Eighth Judicial District Court of Clark County, Nevada, to the United States District Court for the District of Nevada. Plaintiff Rhonda Collins's ("Plaintiff") Complaint is attached as **Exhibit A**. As grounds for removal, Carriage states as follows:

///

///

---

[1] Carriage Services of Nevada, Inc. was originally named in Plaintiff's Complaint but was subsequently voluntarily dismissed by Plaintiff prior to this filing.

**PRELIMINARY STATEMENT**

1. On January 27, 2022, Plaintiff filed this Complaint in the Eighth Judicial District Court of Clark County, Nevada against Carriage, Case No. A-22-847341-C. Plaintiff alleges that she "slipped and fell on an unkept walkway that had slime and sludge buildup under a wet surface" at Bunker's Memory Gardens Park, a cemetery owned by Carriage, in Las Vegas, Nevada. Compl. at ¶ 9. Plaintiff's sole cause of action is a negligence claim, alleging that Carriage's negligent maintenance caused the alleged dangerous condition. Compl. at ¶¶ 11-21.

2. On May 2, 2022, Carriage was served with a copy of the Summons and Complaint. The thirty-day period for removal does not begin to run until the party has been properly served. *See Murphy Brothers Inc. v. Michetti Pipe Strining, Inc.*, 526 U.S. 344, 347-48 (1999). Thirty days have not elapsed since Carriage was served with the Summons and Complaint, and thus this Petition is timely.

**VENUE AND JURISDICTION**

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 108, 1391, 1441(a), and 1446(a) because the Eighth Judicial District Court of Clark County, Nevada, where the Complaint was filed, is a state court within the United States District Court for the District of Nevada.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity between Plaintiff and Carriage; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

**BASIS FOR REMOVAL**

**I.  There Is Complete Diversity of Citizenship Between Plaintiff and Carriage.**

5. There is complete diversity of citizenship here because Plaintiff is a Nevada citizen and Carriage is a citizen of another state.

6. Specifically, Plaintiff alleges that she is an "individual residing in Clark County, Nevada." Compl. at ¶ 1. Therefore, Plaintiff is, and at the time of the filing of this action was, a citizen of Nevada.

7. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

8. Carriage is not a citizen of Nevada, although Plaintiff's Complaint erroneously alleges that it is. *See* Declaration of Larry Davis ("Davis Decl."), attached as **Exhibit B**, at ¶ 4. Carriage is, and at the time of the filing of this action was, a corporation organized under the laws of Texas with its principal place of business also in Texas. *Id.* at ¶ 3. Therefore, Carriage is, and at the time of the filing of this action was, a citizen of Texas.

9. Furthermore, for purposes of removal under 28 U.S.C. § 1441, *et seq.*, the citizenship of defendants sued under fictitious names is disregarded. *See* 28 U.S.C. § 1441(a).

10. Because Plaintiff is a Nevada citizen and Carriage is a citizen of Texas, complete diversity exists between Plaintiff and Carriage. *See* 28 U.S.C. §§ 1332(a), 1441(b)(1).

**II.    The Amount in Controversy Exceeds $75,000.**

11. Plaintiff's claims satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

12. Nevada rules provide, if the pleader seeks more than $15,000 in monetary damages, the demand for relief may request damages "in excess of $15,000" without further specification of the amount. *See* NRCP 8; *see also* Compl. at ¶ 24.

13. Where, as here, a complaint does not set forth a specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 406 (9th Cir. 1996) (applying the preponderance of the evidence standard). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87-89; *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (Where a complaint does not allege a specific amount of damages, "the district

court may first consider 'whether it is facially apparent from the complaint that the jurisdictional amount has been satisfied'"). Here, the nature and gravity of Plaintiff's allegations and Plaintiff's alleged medical expenses make it facially apparent that the amount in controversy requirement has been satisfied.

14. Specifically, Plaintiff seeks several categories of damages based on her "severe damages," including actual and compensatory damages, medical expenses, wage loss, loss of household services, pain and suffering, and attorney's fees. *See* Compl. at ¶¶ 23-24; Prayer for Relief.

15. Moreover, "If a complaint does not specify an amount in controversy, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699, 701 (9th Cir. 2007). "The Court may look to the facts alleged in the removal petition or summary judgment-type evidence submitted by the parties to determine whether the jurisdictional requirement was met at the time of removal." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). In doing so, removing parties may use documents such as a demand letter to show the amount is controversy is met. *See Smith v. Smith's Food & Drug Centers, Inc.,* 2:14-CV-00681-APG, 2014 WL 3734363, at *1 (D. Nev. July 29, 2014) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cayer v. Vons Companies*, 2:16-CV-02387-GMN-NJK, 2017 WL 3115294, at *3 (D. Nev. July 21, 2017) (citing *Cohn v. PetSmart, Inc.*, 281 F.3d 839, 840 (9th Cir. 2002) and *Dominguez v. Ralphs Grocery Co.*, No. 2:13–CV–2233–GMN–PAL, 2014 WL 4162378, at *2 (D. Nev. Aug. 20, 2014)).

16. In *Smith v. Smith's Food & Drug Centers, Inc.,* this Court relied on a pre-litigation demand letter in a slip and fall case, requesting $110,000, and determined that removal was proper and the amount in controversy was met. *See* 2014 WL 3734363, at *2 (D. Nev. July 29, 2014). The demand letter in *Smith* alleged that, while the plaintiff had not yet incurred more than $75,000 in medical bills, she had a scheduled shoulder surgery, future medical expenses, lost wages, and pain and suffering, and the case was properly removed. *See id.*

///

17. Like in *Smith,* Plaintiff sent Carriage's insurance company a pre-litigation demand letter on January 27, 2022. *See* Demand Letter, attached as **Exhibit C**. This demand letter outlines Plaintiff's treatment for her alleged injuries. Specifically, Plaintiff alleges that she was transported by ambulance to University Medical Center for "severe knee pain" following the alleged incident. *See id.* at 2. She alleges that she suffered a "displaced comminuted fracture of left patella" and had a "surgical repair of the patellar fracture, ORIF with two screw placement." *Id.* She also alleges that she had a "series of occupation and physical therapy regimens," and she "continues [sic] to follow up with her orthopedic and undergo physical therapy." *Id.* at 2-3. Furthermore, Plaintiff's demand letter alleges that she was "**bedbound for an extended period of time, until she was able to gain enough stretgth [sic] to indpeendantly [sic] get up. Rhonda had to seek the assistance and support of freidns [sic] and family to help care for her, help her bathe, make food, keep house, and help her ambulate. This has severely affected Rhonda's ability to be independent and move freely and she still cotniued [sic] to suffer from daily pain and discomfort which will cotnionue [sic] to affect her for the foreseeable future.**" *Id.* at 3 (emphasis in original). Finally, she alleges she missed 1-2 months of work. *Id.*

18. The letter outlines **$118,921.00** in past medical bills—an amount alone that exceeds the jurisdictional threshold—and the records and bills for care from Gerlad Sylvain, M.D. and Good Life Physical Therapy are not included in that calculation. *Id.*.

19. Furthermore, Plaintiff made a demand in excess of the jurisdictional removal threshhold: "**Demand is hereby made for $800,000.00 or YOUR FULL POLICY LIMITS whichever is less. Please offer your policy limits so we can present that offer to our client.**" *Id.* (emphasis in original).

20. Plaintiff in this case makes the same allegations as in *Smith*, including that she will incur future medical expenses and physical therapy, and a lifetime of pain. *See* Compl. at ¶ 24; Prayer for Relief; *see also* Demand Letter at 2-3. Moreover, Plaintiff's medical expenses here—$118,921.00—alone exceed the jurisdictional threshold, with more bills alleged to be added to the calculation.

/ / /

21.     Further, the plaintiff's demand in *Smith* ($110,000) is almost 8 times lower then Plaintiff's demand ($800,000) here.  *See id.*

22.     While Carriage does not concede that it is liable for any of the tortious conduct alleged that would warrant the imposition of any damages alleged by Plaintiff, based on the medical expenses alleged and Plaintiff's demand, the amount in controversy exceeds $75,000 and removal is proper.

23.     Based on Plaintiff's Complaint, allegations of several categories of damages, including future medical expenses, lost wages, pain and suffering, and a lifetime of pain, alleged medical expenses already incurred in the amount of $118,921.00, and her demand letter requesting $800,000, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**III.    All Other Removal Requirements Are Satisfied.**

24.     The Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(6).

25.     Carriage was served with the Summons and Complaint on May 2, 2022.

26.     Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action," which is met here.  28 U.S.C. § 1446(b)(2)(A).  The unidentified Doe and Roe defendants are not required to consent to removal.  *See Hafiz v. Greenpoint Mortg. Funding*, 409 F. App'x 70, 72 (9th Cir. 2010) (nominal parties are not required to consent to removal).

27.     Carriage is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

28.     Pursuant to 28 U.S.C. § 1446(d), Carriage is filing a copy of this Notice of Removal with the Clerk of the District Court of Clark County, Nevada.

29.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to Carriage at the time of filing this Notice—are attached hereto as **Exhibit D**.

30.     The written notice required by 28 U.S.C. § 1446(d), attached hereto as **Exhibit E**, will be promptly filed in the Eighth Judicial District Court of Clark County, Nevada, and will be promptly served on Plaintiff.

31. By filing this Notice of Removal, Carriage does not waive any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, Carriage requests the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

32. No previous application has been made for the relief requested herein.

**IV. Demand for Jury Trial.**

33. Carriage hereby demands a separate jury trial on all claims and issues so triable.

## CONCLUSION

WHEREFORE, Carriage gives notice that the matter bearing Case No. A-22-847341-C, pending in the District Court of Clark County, Nevada, is removed to the United States District Court for the United States District Court for the District of Nevada, and request that this Court retain jurisdiction for all further proceedings in this matter.

DATED: May 23, 2022.

**EVANS FEARS & SCHUTTERT LLP**

*/s/ Chad R. Fears*
Chad R. Fears, Esq. (SBN 6970)
Alexandria L. Layton, Esq. (SBN 14228)
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: cfears@efstriallaw.com
Email: alayton@efstriallaw.com

*Attorneys for Defendant*
*Carriage Cemetery Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **NOTICE OF REMOVAL** was served on counsel of record this 23rd day of May, 2022 using the Court's CM/ECF System.

*/s/ Faith Radford*
An Employee of Evans Fears & Schuttert LLP