Chad R. Fears, Esq. (SBN 6970)
Alexandria L. Layton, Esq. (SBN 14228)
Paige S. Silva, Esq. (SBN 16001)
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: cfears@efstriallaw.com
Email: alayton@efstriallaw.com
Email: psilva@efstriallaw.com

*Attorneys for Defendant Carriage Cemetery Services, Inc.*

### UNITED STATES DISTRICT COURT

### FOR THE STATE OF NEVADA

| | |
|---|---|
| RHONDA COLLINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CARRIAGE CEMETERY SERVICES, INC., doing business as BUNKER'S MEMORY GARDENS MEMORIAL PARK, DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive,<br><br>Defendants. | Case No.  2:22-cv-00814-JAD-NJK<br><br>**ORDER TO STAY DISCOVERY AND CASE PROCEEDINGS PENDING MEDIATION** |

IT IS HEREBY STIPULATED by and between Plaintiff Rhonda Collins ("Plaintiff"), by and through her attorneys, Bernstein & Poisson and Defendant Carriage Cemetery Services, Inc. ("Carriage"), by and through its attorneys Evans Fears & Schuttert LLP, that discovery in this case should be stayed pending mediation to avoid wasting the parties' and this Court's time, further attorneys' fees, and expert fees and costs.

**I.      STATEMENT OF FACTS**

1.      Plaintiff filed her Complaint against Carriage in the Eighth Judicial District Court of Clark County, Nevada on January 27, 2022 alleging a negligence cause of action.  Pl.'s Compl. at ¶ ¶ 7-24.

2. Plaintiff alleges that on June 20, 2021, she slipped and fell on slime and sludge buildup on a walkway at Bunker's Memory Gardens Memorial Park. *Id.* at ¶¶ 7-9.

3. On May 5, 2022, Carriage removed the case to federal court.

4. The parties' initial Joint Discovery Plan and Scheduling order was granted on July 15, 2022.

5. On September 28, 2022, the parties participated in good faith in an early mediation with Judge Gene Porter (ret.) attempting to resolve this case in its early stages. While the parties to this action (Plaintiff Ms. Collins and Defendant Carriage) made progress toward resolution, resolution was not reached.[1]

6. The parties conducted the following discovery before the first mediation:
   a. Plaintiff served her Initial Rule 26(a) Disclosures.
   b. Plaintiff served her First Supplement to Initial Rule 26(a) Disclosures.
   c. Defendant served its Initial Rule 26(a) Disclosures.
   d. Plaintiff served her First Set of Interrogatories, Requests for Admissions, and Requests for Production.
   e. Defendant served its Responses to Plaintiff's First Set of Interrogatories, Requests for Admissions, and Requests for Production.
   f. Defendant served its First Set of Interrogatories and Requests for Production.
   g. Plaintiff served her Responses to Defendant's First Set of Interrogatories and Requests for Production.
   h. Defendant served nine Subpoena Duces Tecum for Plaintiff's medical records.

7. Since the initial mediation, the parties have done the following:
   a. Plaintiff served her Second Supplement to Initial Rule 26(a) Disclosures.
   b. Plaintiff served her Third Supplement to Initial Rule 26(a) Disclosures.
   c. Defendant served its First Supplement to Initial Rule 26(a).

---

[1] Plaintiff's counsel and Defense counsel were able to resolve another case Plaintiff's counsel had against the Defendant based on this mediation.

    d. Defendant served an additional 14 Subpoena Duces Tecum for Plaintiff's employment and medical records.

    e. Counsel for Defendant deposed Plaintiff.

    f. Counsel for Defendant deposed Plaintiff's fiancée, Chris Frehner.

8. Following the depositions, Plaintiff and Defendant ("the Parties") agreed to to revisit resolution and have scheduled another mediation for April 13, 2023 in front of Judge Porter.

9. The expert disclosure deadline in this case is set for **March 20, 2023**.

10. The Parties agree that a stay of discovery and case proceedings pending the outcome of mediation is appropriate in this case and is not requested in bad faith or for reasons of delay.

## II. LEGAL STANDARD

When evaluating a motion to stay discovery, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." *Sanchez v. Windhaven Nat'l Ins. Co.*, 2:19-cv-02196-RFB-VCF, 2020 WL 3489333 (D. Nev. 2020). Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984).

## III. A STAY IS WARRANTED IN THIS CASE PENDING THE OUTCOME OF MEDIATION

### 1. A Stay Pending The Outcome of Mediation Serves the Goal of FRCP 1.

As stated above, the Court should construe the Rules "to secure the just, speedy, and inexpensive determination of every action." *Sanchez*, 2020 WL 3489333 at *2. Here, the Parties agree that it is in the best interest of all Parties, as well as the Court, to stay discovery and proceedings pending the outcome of a renewed mediation. The Parties seek to stay discovery prior to the expert disclosure deadline of March 20, 2023 to avoid incurring attorneys' fees, expert fees, and costs which would be rendered unnecessary should mediation be successful. The Parties agree that this stay shall expire fourteen (14) days after the close of mediation, if unsuccessful. The Parties agree to submit a status report on April 30, 2023 regarding the mediation and case.

///

DATED this 8th day of March, 2023.    DATED this 8th day of March, 2023.

**BERNSTEIN & POISSON**    **EVANS FEARS & SCHUTTERT LLP**

/s/ Scott L. Poisson    /s/ Chad R. Fears
Scott L. Poisson, Esq. (SBN 10188)    Chad R. Fears, Esq. (SBN 6970)
Amber N. King, Esq. (SBN 14070)    Alexandria L. Layton, Esq. (SBN 14228)
320 S. Jones Blvd.    Paige S. Silva, Esq. (SBN 16001)
Las Vegas, NV 89107    6720 Via Austi Parkway, Suite 300
    Las Vegas, NV 89119
*Attorneys for Plaintiff*
*Rhonda Collins*    *Attorneys for Defendant Carriage*
    *Cemetery Services, Inc.*

**ORDER**

IT IS SO ORDERED that based upon the foregoing stipulation, all discovery and proceedings are stayed pending the outcome of the April 13, 2023 mediation.

IT IS FURTHER OREDERED that the Parties shall submit a status report on or before April 17, 2023, regarding this case and, if mediation is not successful, submit a new discovery plan no later than April 20, 2023.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: March 9, 2023

CASE NO.: 2:22-cv-00814-JAD-NJK