Chad R. Fears, Esq. (SBN 6970)
Alexandria L. Layton, Esq. (SBN 14228)
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: cfears@efstriallaw.com
Email: alayton@efstriallaw.com

*Attorneys for Defendant Carriage Cemetery Services, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
~~FOR THE STATE OF NEVADA~~

| | |
|---|---|
| RHONDA COLLINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CARRIAGE CEMETERY SERVICES, INC., doing business as BUNKER'S MEMORY GARDENS MEMORIAL PARK, DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive,<br><br>Defendants. | **Case No. 2:22-cv-00814-JAD-NJK**<br><br>**PROPOSED AMENDED JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |

Pursuant to Local Rule 26-1(e), the parties submit their proposed **Amended** Discovery Plan and Scheduling Order. This Amended Discovery Plan and Scheduling Order is submitted pursuant to this Court's Order Granting Motion to Stay Discovery and Case Proceedings Pending Mediation. [ECF No. 18]. The parties attended mediation on April 13, 2023. While this case did not resolve at mediation, counsel for the parties have had several discussions in good faith since mediation ended and are hopeful that this case will resolve in the next two weeks. However, if resolution does not occur during the next two weeks, for good cause, the parties propose the following amended discovery deadlines pursuant to this Court's Order [ECF No. 18]:

1. **Meeting:** Pursuant to FRCP Rule 26(f), the parties conducted a discovery planning conference on July 7, 2022, and the parties spoke again following mediation on April 19, 2023 regarding these proposed amended deadlines.

2. **Pre-Discovery Disclosures:** Pursuant to FRCP Rule 26(a)(1), the parties made their pre-discovery disclosures on of before July 21, 2022.

3. **Areas of Discovery:** The parties agree that the areas of discovery should include, but not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure. The parties agree that discovery should not be conducted in phases. The parties have already conducted the following discovery before the first mediation in September 2022:

   a. Plaintiff served her Initial Rule 26(a) Disclosures.
   b. Plaintiff served her First Supplement to Initial Rule 26(a) Disclosures.
   c. Defendant served its Initial Rule 26(a) Disclosures.
   d. Plaintiff served her First Set of Interrogatories, Requests for Admissions, and Requests for Production.
   e. Defendant served its Responses to Plaintiff's First Set of Interrogatories, Requests for Admissions, and Requests for Production.
   f. Defendant served its First Set of Interrogatories and Requests for Production.
   g. Plaintiff served her Responses to Defendant's First Set of Interrogatories and Requests for Production.
   h. Defendant served nine Subpoena Duces Tecum for Plaintiff's medical records.

4. Since the initial mediation, the parties have done the following:

   a. Plaintiff served her Second Supplement to Initial Rule 26(a) Disclosures.
   b. Plaintiff served her Third Supplement to Initial Rule 26(a) Disclosures.
   c. Defendant served its First Supplement to Initial Rule 26(a).
   d. Defendant served an additional 14 Subpoena Duces Tecum for Plaintiff's employment and medical records.
   e. Counsel for Defendant deposed Plaintiff.
   f. Counsel for Defendant deposed Plaintiff's fiancée, Chris Frehner.
   g. Plaintiff served her Fourth Supplement to Initial Rule 26(a) Disclosures.
   h. Attended a second mediation on April 13, 2023 in front of Judge Porter.

5. **Discovery Plan:** The parties propose the following discovery plan:

   a. **Discovery Cut-off Dates:** LR 26(e)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review."  The parties request that the new deadline be **August 4, 2023.**  There is good cause to set the discovery deadline for this date, as the parties are still negotiating in good faith and hope to resolve this matter in the next two weeks. If unsuccessful, the additional time is necessary to conduct minor additional discovery, including the FRCP 30(b)(6) deposition of Carriage, to re-open Plaintiff's deposition for the limited purpose of questioning related to her disclosure last week of future medical treatment, potential depositions of percipiant witness(es) and conduct expert discovery, which includes the disclosure of 1-3 experts per side and expert depositions.

   b. **Amending the Pleadings and Adding Parties:** The deadline for the parties to amend pleadings and add parties was February 15, 2023, and the parties do not request that this deadline be re-opened.

   c. **FRCP 26(a)(2) Disclosure of Experts:** The parties request that the new deadlines for disclosure of experts shall proceed according to FRCP Rule 26(a)(2) and LR 26-1(e)(3) as follows: The disclosure of experts and their reports shall occur on or before **June 5, 2023**. The disclosure of rebuttal experts and their reports shall occur on or before **July 5, 2023**. These deadlines are 60 and 30 days before the discovery cut-off date, respectively.

   d. **Dispositive Motions:** The parties request that the amended dispositive motion deadline shall be on **September 5, 2023**[1]. This is 30 days after the discovery cut-off date, as required by LR 26-1(e)(4).

   e. **Pre-Trial Order**: The parties will prepare a Consolidated Pre-Trial Order on or before **October 4, 2023**, which is not more than 30 days after the date set for filing dispositive motions in the case as required by LR 26-1(e)(5). This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or

---

[1] 30 days from the discovery deadline would be Sunday, September 3, 2023.  As September 4, 2023 is Labor Day, September 5, 2023 would be the due date.

- 3 -

until further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be made in the pre-trial order.

        f.    **Extensions or Modifications of the Discovery Plan and Scheduling Order:** ~~LR 26-4~~ LR 26-3 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made not later than 21 days before the expiration of the subject deadline.

        g.    **Alternative Dispute Resolution:** The parties have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. The parties are hopeful that this case will resolve within two weeks.

        h.    **Alternative Forms of Case Disposition:** The parties have considered consent to trial by a magistrate judge under a magistrate judge under 28 U.S.C. Section 636(c) and Fed R. Civ. P. 73 and the use of the Short Trial Program.

        i.    **Authorizations:** It is agreed that Plaintiff will provide Defendant with: HIPAA-Complaint Authorizations for the Release of Patient Information Pursuant to 45 CFR § 164. The parties agree that in the event Plaintiff makes a claim for loss of wages or lost earning capacity, Plaintiff shall provide (1) Consent for Release of Employment Information, left blank, and (2) Authorization to Obtain Plaintiff's Tax Return information.

        j.    **Format of Discovery:** Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

        k.    **Electronic Evidence:** The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not reached any stipulations in this regard at this time.

l. **Independent Medical Examination:** Defendant may conduct a Rule 35 examination of Plaintiff if requested given last week's notice of future medical treatment, the terms of which will be determined at a later date.

m. **Any issues about claims of privilege or of protection as trial-preparation materials**: The parties anticipate that certain confidential or proprietary documents may be produced in this case. In that event, the parties have discussed and intend to meet and confer on a stipulated protective order prior to the disclosure of such protected materials.

n. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**: None at this time.

o. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**: the parties anticipate that certain confidential or proprietary documents may be produced in this case. In that event, the parties have discussed and intend to meet and confer on a stipulated protective order prior to the disclosure of such protected materials.

/ / /

/ / /

/ / /

1  p. **Consent to Service:** The parties hereby agree that pursuant to FRCP 5, service could be made by email.

Dated: April 20, 2023.

| **BERNSTEIN & POISSON** | **EVANS FEARS & SCHUTTERT LLP** |
|---|---|
| */s/ Amber N. King*<br>Scott L. Poisson, Esq. (SBN 10188)<br>Amber N. King, Esq. (SBN 14070)<br>320 S. Jones Blvd.<br>Las Vegas, NV 89107 | */s/ Chad R. Fears*<br>Chad R. Fears, Esq. (SBN 6970)<br>Alexandria L. Layton, Esq. (SBN 14228)<br>6720 Via Austi Parkway, Suite 300<br>Las Vegas, NV 89119 |
| *Attorneys for Plaintiff*<br>*Rhonda Collins* | *Attorneys for Defendant Carriage*<br>*Cemetery Services, Inc.* |

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** April 21, 2023

- 6 -